## ELIZA G. RANDALL vs. CITY OF LOWELL.

Middlesex.    January 12, 1892. — May 7, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Defect in Sidewalk — Prescriptive Right.*

Where, in an action for damages for personal injuries occasioned to the plaintiff
by an alleged defect in the sidewalk on the street of the defendant city, the
plaintiff was not permitted to go to the jury on the question whether the public
had acquired a right of way over a narrow strip, about three feet wide, between
the way as laid out and the buildings on the southerly side of the street, and
which included, on one theory of the plaintiff's case, the place where the acci-
dent occurred, it was *held* that the ruling was right, as it was necessary for the
plaintiff to show, what he had failed to show, that there was a public use, con-
tinued uninterruptedly, for the requisite length of time, which was adverse and
under a claim of right, and not merely a use which was tolerated or permitted.

TORT, for personal injuries occasioned to the plaintiff by an
alleged defect in the sidewalk on Middlesex Street in Lowell.

At the trial in the Superior Court, before *Hammond*, J., the
jury returned a verdict for the defendant, on the ground that
they were not satisfied that the defect was within the limits
of the way as laid out by the defendant city; and the plaintiff
alleged exceptions.    The facts appear in the opinion.

*N. D. Pratt*, for the plaintiff.

*J. J. Hogan*, for the defendant.

MORTON, J.    The plaintiff was allowed to go to the jury on
the question whether the defect was within the way as laid out,
but was not permitted to do so on the question whether the pub-
lic had acquired a right of way over the narrow strip, about
three feet wide, between the way as laid out and the buildings
on the southerly side of the street, and which included, on one
theory of the plaintiff's case, the place where the accident
occurred.    This ruling was right.    The only evidence intro-
duced at the trial as to the public use at the place where the
accident occurred was that of one Ela, who testified that he had
been in business on Middlesex Street since 1865, and that the
width of the sidewalk was not, so far as travelled by the public,
any less than it had been.    This did not disclose under what

circumstances the public travelled it.    The exceptions also state that there was a walk of concrete extending from the curbing up to the line of the buildings ; that this walk was designed and wrought for foot travel, and was apparently of the same construction through its entire width ; and that there was nothing to show where the record line of the street or sidewalk was. It appears, however, from the plan, and from the cross-examination of Ela, that there were numerous projections along the street from different houses, which occupied at various places almost, if not quite, the entire width of the strip between the street line and the buildings; that a step or steps had projected into the place where the accident occurred from a building standing there; that there had been a fence within twenty years on each side of the open space in front of the building, either on the line or pretty nearly on the line of the street; that when the city concreted the sidewalk, it only did so up to the street line, leaving the strip between that and the building, which the owner afterwards concreted ; and that the space between the building and the line of the street was occasionally occupied by the tenant of the shop in the building to place barrels and other things on, and that this obstructed the public travel over almost the entire width of the strip at places.

" It was necessary for the plaintiff to show that there was a public use, continued uninterruptedly for the requisite length of time, which was adverse and under a claim of right, and not merely a use which was tolerated or permitted " by the owner of the strip and the building.    *McCreary* v. *Boston & Maine Railroad*, 153 Mass. 300.    The evidence in this case fails to show such a use.

*Exceptions overruled.*